Thelma Nicholson and Joseph Nicholson *v.* M & S Detective Agency, Inc. and Commonwealth of Pennsylvania. Commonwealth of Pennsylvania, Appellant.

Argued December 13, 1985, before Judges CRAIG and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Gary Stewart Seflin,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for appellant.

*Howard D. Scher, Montgomery, McCracken, Walker & Rhoads,* for appellees.

OPINION BY JUDGE COLINS, January 31, 1986:

Thelma Nicholson (appellee) was formerly employed by a Philadelphia bank. On September 9, 1983, a security guard at the bank, employed by M & S Detective Agency, Inc., committed a robbery therein. During the course of the robbery, the security guard threatened to murder appellee, handcuffed her, forced her into a darkened utility closet, gagged her, and lashed her hands and neck with wire to an overhead

pipe in such a manner as to force her to stand on her toes in order to breathe. She remained immobilized in the closet for hours until she was rescued. Appellee claims that she suffers severe, continuing, and possibly permanent physical, mental and emotional injury; consequently, she is suing M & S Detective Agency, Inc., as employer of the guard, and the Commonwealth of Pennsylvania, for having failed to perform a statutory duty to prevent known criminals from being employed by private detective agencies.

The Commonwealth of Pennsylvania (appellant) raised preliminary objections to the lawsuit in the nature of a demurrer, seeking dismissal of the complaint on the grounds that appellant was protected from suit by sovereign immunity.[1] The trial court denied the preliminary objections and this appeal is before us as an interlocutory appeal by permission.[2] The sole issue is whether appellant is protected from this suit by sovereign immunity, and its preliminary objections should thus be sustained.

[1] Immunity from suit is an affirmative defense which should be pleaded under the heading of "New Matter" in a responsive pleading rather than as a preliminary objection. Pa. R.C.P. No. 1030. While we do not condone a disregard of the Pennsylvania Rules of Civil Procedure, we will again consider this defense as here raised inasmuch as the appellee did not file a responsive pleading directed to this procedural issue, but only raised such before this Court. *Kastner v. Department of Transportation*, 32 Pa. Commonwealth Ct. 267, 378 A.2d 1050 (1977) ; *see also Walter v. Commonwealth*, 30 Pa. Commonwealth Ct. 248, 373 A.2d 771 (1977) ; *Freach v. Commonwealth*, 470 Pa. 618, 370 A.2d 1163 (1977).

[2] The trial court did not include in its order the prescribed statement provided for by §702(b) of the Judicial Code, 42 Pa. C. S. §702(b), allowing an interlocutory appeal; however, appellant's petition for review of this act of discretion was granted by this Court. The effect is the same as if the petition for permission to appeal had been filed and granted. Pa. R.A.P. 1311, official note.

Sovereign immunity is statutorily provided for by §8521 of the Judicial Code, 42 Pa. C. S. §8521. There are only eight instances in which the Commonwealth has waived sovereign immunity as a bar to an action against Commonwealth parties, these exceptions being statutorily provided for in §8522 of the Judicial Code, 42 Pa. C. S. §8522. Unless appellee's complaint falls within one of the eight areas in which immunity has been waived, it is clear that sovereign immunity would bar this suit, and the preliminary objections should be sustained.

In examining appellee's complaint against the Commonwealth, it is evident that the complaint is based on a failure of the Pennsylvania State Police, undeniably an agency of this Commonwealth, to perform a statutory duty. This duty is found in The Private Detective Act of 1953 (Act), Act of August 21, 1953, P.L. 1273, *as amended*, 22 P.S. §11-30. The Act provides that a private detective agency may employ as many persons as are deemed necessary; however, such persons must be of good character, as defined by §23 of the Act, 22 P.S. §23. In order to ascertain that such employees are not, in fact, criminals or persons with prior criminal records, §23 of the Act provides:

(c) Immediately upon the verification of any employee's statement, the holder of a license certificate by whom such person has been or is to be employed, shall cause two sets of fingerprints of the two hands of such person to be recorded in such manner as the Court of Quarter Sessions may by rule prescribe.

. . . .

(f) Within five days after the filing of such fingerprints the Court of Quarter Sessions shall cause such fingerprints to be compared with fingerprints of criminals now or hereafter

filed in the records of the Pennsylvania State Police, and if the Court finds any record affecting such prints, it shall immediately notify the holder of such license certificate and shall also refer the matter to the District Attorney of the County.

The Pennsylvania State Police thus have a duty to examine their records to assist private detective agencies in refusing employment to criminals.

Because appellant's preliminary objections are in the form of a demurrer, we must accept all well-pled allegations and material facts averred in the complaint as true, as well as all reasonable inferences deducible therefrom. *Monti v. City of Pittsburgh,* 26 Pa. Commonwealth Ct. 490, 364 A.2d 764 (1976). Appellee has alleged in her complaint that the security guard did have an extensive criminal record which the State Police knew, or should have known of, by reasonable diligence in the inspection of their records. Yet the State Police reported that no criminal record existed for the security guard. Accepting these allegations as true, and we must, it is reasonable to infer that the State Police breached a statutory duty, and, assuming that the other elements of the tort could be proved in the Court of Common Pleas, the State Police could indeed be liable for damages.

In considering whether the complaint falls within one of the eight areas in which immunity has been waived, it is evident that the only waiver which is even remotely applicable to the appellee's case is that of §8522(2)(3) of the Judicial Code, 42 P.S. §8522(b)(3), which provides:

(b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign im-

munity shall not be raised to claims for damages caused by:

. . . .

(3) Care, custody or control of personal property.—The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency. . . .

The criminal records themselves are Commonwealth-owned personal property. For the limited waiver to apply, there must have been negligence in the "care, custody or control" of these records.

In the case of *Walters v. Department of Transportation,* 81 Pa. Commonwealth Ct. 478, 481, 474 A.2d 66, 67 (1984), this Court considered the question of control over personal property, concluding "the chattels themselves were in no way involved in the chain of causation." Likewise, in this case the records were not involved in the chain of causation, only the negligent search of them. Additionally, the "care" or "custody" of the records did not cause the injury. For the personal property waiver to apply, the personal property itself must be in some manner responsible for the injury.

Sovereign immunity has not been waived in this case; therefore, the preliminary objections of the appellant are sustained. The action by appellee must be dismissed insofar as it is against a Commonwealth party.

ORDER

AND NOW, January 31, 1986, the order of the Court of Common Pleas of Philadelphia County, No. 3224 April Term 1984, dated June 22, 1984, is reversed. The matter is remanded to the Court of Common Pleas of Philadelphia County with directions that it sustain

the preliminary objections and dismiss appellee's action insofar as it is against a Commonwealth party.

Jurisdiction relinquished.