568 A.2d 1006

**Ivan R. SERRANO, Appellant,**

v.

**PENNSYLVANIA STATE POLICE, John Doe, Pennsylvania State Police Regional Laboratory Supervisor; Richard Roe, Evidence Technician/Criminalist, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Nov. 14, 1989.

Decided Jan. 19, 1990.

Nicholas Noel, III, Teel, Stettz, Shimer & Digiacomo, Ltd., for appellant.

William A. Slotter, Deputy Atty. Gen., with him, Ernest D. Preate, Jr., Atty. Gen., for appellees.

Before CRUMLISH, Jr., President Judge, COLINS, J., and BARBIERI, Senior Judge.

COLINS, Judge.

Ivan R. Serrano (appellant) appeals an order of the Court of Common Pleas of Northampton County which sustained the Pennsylvania State Police's (appellee) motion for judgment on the pleadings. We affirm.

The appellant was arrested on January 16, 1987, by a member of the City of Bethlehem Police Department. At the time of his arrest, a packet of white powder was found on appellant and he was charged with possession of heroin. The appellant was immediately incarcerated at the Northampton County Prison. The suspected heroin was sent to the appellee's Regional Laboratory in Bethlehem for chemical analysis. For reasons unknown, the packet was not analyzed until April 14, 1987, at which time it was found that the contents were merely aspirin.

This information was communicated to the Northampton County District Attorney's Office who immediately moved for the dismissal of the criminal charges against appellant. The appellant was released on May 15, 1987, after being incarcerated for approximately 4 months.

As a result of his unlawful arrest, the appellant filed suit in the U.S. District Court for the Eastern District of Pennsylvania against the appellee, as well as various municipal defendants. The claims regarding the municipal defendants were resolved in Federal Court which then transferred the remaining claims against appellee to the Court of Common Pleas of Northampton County. An amended complaint was filed in the trial court on May 18, 1988. The appellee filed a responsive pleading in the form of an answer and new matter. Thereafter, the appellee filed a motion for judg-

ment on the pleadings which was granted by the trial court on November 29, 1988. The appellant's appeal of that order was filed in this Court on December 28, 1988.

In ruling on the propriety of the motion for judgment on the pleadings, our scope of review is to consider only pleadings themselves and any documents properly attached thereto. *Farber v. Engle*, 106 Pa.Commonwealth Ct. 173, 525 A.2d 864 (1987).

The appellant argues that the trial court committed an error of law when it dismissed his complaint because his cause of action falls within the statutory waiver of sovereign immunity under Section 8522(a) of the Judicial Code (Code), 42 Pa.C.S. § 8522(a). Sections 8522(a) and (b)(3) of the Code state:

(a) **Liability imposed.**—The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

(b) **Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

. . . . .

(3) **Care, custody or control of personal property.**— The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency, except that the sovereign immunity of the Commonwealth is retained as

a bar to actions on claims arising out of Commonwealth agency activities involving the use of nuclear and other radioactive equipment, devices and materials.

42 Pa.C.S. § 8522(a), (b)(3)..

The crux of appellant's argument is that the white powder taken from his possession was placed in the care, custody, and control of the appellee and it was the appellee's failure to expeditiously perform a chemical analysis on the substance that resulted in his continued incarceration and denial of his liberty and freedom. We are sympathetic to the appellant because he was needlessly incarcerated for 4 months. Furthermore, we do not condone the practices of the appellee in permitting a long period of time to elapse before the chemical analysis was conducted. Nevertheless, it was not the packet of powder that caused the appellant's injuries. It was the failure to quickly analyze the substance which resulted in appellant's injuries. Furthermore, the appellant's complaint does not allege that it was the appellee who arrested him, incarcerated him, or prosecuted him.

In *Cantwell v. Allegheny County*, 506 Pa. 35, 483 A.2d 1350 (1984), an individual who was charged with eight counts of rape instituted a negligence suit against the Allegheny County Crime Lab for its failure to exercise due care in timely analyzing semen samples which would have proven his innocence. The Court in *Cantwell* concluded:

as a matter of law, appellee's complaint is insufficient to establish that the Crime Lab's undertaking to render services to the police should have been recognized as necessary for the protection of the appellee.... No matter how well or how poorly a crime lab performs, it has no control over, or ability to foresee, the disposition of criminal suspects, since the prosecution of suspects in criminal cases depends to a large extent upon the discretion of the police and the district attorney's office.

*Id.*, 506 Pa. at 41–42, 483 A.2d at 1354 (footnote omitted).

To recover under Section 8522 of the Code, the cause of action must be one which would otherwise be actionable

under common law or statute, except for the bar of sovereign immunity. As a result of *Cantwell*, there is no duty and, thus, no cause of action where a crime lab fails to timely analyze evidence which would allow prisoners to go free.

Moreover, in *Nicholson v. M & S Detective Agency, Inc.*, 94 Pa.Commonwealth Ct. 521, 503 A.2d 1106 (1986), a detective agency sought a criminal records check of a potential employee. The potential employee's criminal records were checked by the Pennsylvania State Police in accordance with The Private Detective Act of 1953 (Act), Act of August 21, 1953, P.L. 1273, *as amended*, 22 P.S. §§ 11–30. The records check came up negative and the individual was hired by the detective agency and assigned to a bank as a security officer. This individual subsequently robbed the bank and terrorized an employee. The employee, in turn, instituted suit against the Pennsylvania State Police alleging that the police were negligent in the care, custody, and control of Commonwealth property, namely, the security officer's criminal record. We held that this action was barred because "[f]or the personal property waiver to apply, the personal property itself must be in some manner responsible for the injury." *Nicholson* at 526, 503 A.2d at 1108. In *Nicholson*, the criminal records themselves were not responsible for the injuries incurred. Likewise, here, while the alleged heroin was in the care, custody, and control of the appellees, it was not the substance that resulted in the appellant's prolonged imprisonment, but the failure to expeditiously perform a chemical analysis upon it.

Again, we in no way condone the appellees' lethargy in conducting the chemical analysis. Nevertheless, since it was not the property itself which resulted in the appellant's injuries, the appellant's recovery is barred by sovereign immunity.

Accordingly, the trial court's order granting the appellee's motion for judgment on the pleadings is affirmed.

## ORDER

AND NOW, this 19th day of January, 1990, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is affirmed.