569 A.2d 1017

Laura SUGALSKI, Executor of the Estate of Charles E. Roop, Sr., and Laura Sugalski, in her own behalf, and Sharon Roop, Administratrix of the Estate of Charles E. Roop, Jr., Appellants,

v.

COMMONWEALTH of Pennsylvania, and Ronald Sharpe, Commissioner of the Pennsylvania State Police, Appellees.

Commonwealth Court of Pennsylvania.

Argued Dec. 11, 1989.

Decided Feb. 6, 1990.

Alan Jay Josel, Reynolds, McLaughlin, Josel & Reynolds, Norristown, for appellants.

Laura Fredricks, Deputy Atty. Gen., with her, Kate L. Mershimer, Deputy Atty. Gen., and Ernest D. Preate, Jr., Atty. Gen., for appellees.

Before COLINS and McGINLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Laura Sugalski, both as Executrix of the Estate of Charles E. Roop, Sr. and in her own behalf, and Sharon Roop, as Administratrix of the Estate of Charles E. Roop, Jr. (collectively referred to as Appellants) have appealed from an order of the Court of Common Pleas of Montgomery County dismissing their complaint against the Commonwealth of Pennsylvania and Ronald Sharpe, the Commissioner of the Pennsylvania State Police (collectively referred to as Appellees). We affirm.

On March 14, 1988, the Appellants filed a complaint in common pleas court, seeking damages from Appellees because of the latters' failure, *inter alia,* to invest funds seized from the former. Appellees filed preliminary objections to the complaint, which were sustained by the trial court on two separate theories. That court held that Appellees were immune from suit on the basis of the doctrines of sovereign immunity[1] and *custodia legis.* Accordingly, it

1. Appellants did not object to Appellees' raising the affirmative defense of sovereign immunity via preliminary objection, nor have they raised the issue on appeal. The impropriety of the procedure employed is, accordingly, not an issue before us. *See, e.g., Nicholson v. M & S Detective Agency, Inc.,* 94 Pa.Commonwealth Ct. 521, 523 n. 1, 503 A.2d 1106 n. 1 (1986).

dismissed Appellants' complaint for failure to set forth a cause of action upon which it could grant relief.

Our scope of review of a trial court order sustaining preliminary objections is limited to determining whether the trial court erred as a matter of law or committed a manifest abuse of discretion. *DeVeaux v. Palmer*, 125 Pa.Commonwealth Ct. 631, 558 A.2d 166 (1989). In addition, we must bear in mind that a preliminary objection in the nature of a demurrer will only be sustained and the complaint dismissed if no recovery is possible. *Id.* A demurrer admits as true all well-pleaded facts, but does not admit conclusions of law or unwarranted factual inferences. *Id.*

With these principles in mind, the essential allegations of the complaint before us are as follows: In January 1985, the Pennsylvania State Police, pursuant to search warrants, searched the homes and a safe deposit box of Charles E. Roop, Sr., Laura and John Sugalski and Charles E. Roop, Jr. Approximately $550,000 in cash was seized during these searches as suspected derivative proceeds of an illegal gambling operation. In August of 1985, Appellants filed a petition in common pleas court, seeking return of these funds. Following several hearings, the court held that the Commonwealth had failed to meet its burden to prove that the majority of the money constituted derivative proceeds and ordered that most of it be returned to Appellants. On appeal to Superior Court, this order was affirmed on August 10, 1987.[2]

During the pendency of those proceedings, the money was held both at the State Police Barracks at Limerick, Pennsylvania and in a safety deposit box in Bala Cynwyd, Pennsylvania, despite Appellants' requests that it be placed in an interest-bearing account.

On August 4, 1986, before the Superior Court had decided their appeal, Appellees received a notice of levy from the Internal Revenue Service (IRS), with a demand to surrender the seized funds to the United States. Appellees did not

2. *See Sugalski v. Cochran,* 365 Pa.Superior Ct. 370, 529 A.2d 1104 (1987).

comply with this first, or two subsequent notices of levy. Ultimately, agents representing the IRS and the Commonwealth of Pennsylvania agreed that the Commonwealth would retain possession of the cash.

The complaint seeks damages on two general grounds: Appellees' failure to place the seized funds in an interest-bearing account between the time of seizure and the time of return, and Appellees' failure to comply with the IRS' notice of levy, which resulted in the imposition of fines and penalties against the Estate of Charles E. Roop, Sr. in the approximate amount of $60,000.

In sustaining Appellees' demurrer to the complaint, the trial court first concluded that the action was barred by the doctrine of sovereign immunity. Section 8522(a) of the Judicial Code (Code), 42 Pa.C.S. § 8522(a), establishes a limited waiver of the bar of sovereign immunity in the nine enumerated categories listed in 42 Pa.C.S. § 8522(b). As pertinent to this appeal, those sections provide as follows:

(a) **Liability imposed.**—The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

(b) **Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

    . . . .

(3) **Care, custody or control of personal property.**— The care, custody or control of personal property in the

possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency, except that the sovereign immunity of the Commonwealth is retained as a bar to actions on claims arising out of Commonwealth agency activities involving the use of nuclear and other radioactive equipment, devices and materials.

42 Pa. C.S. § 8522(a), (b)(3).

While Appellants have devoted the bulk of their brief to explaining their common law and statutory theories of recovery, they have largely ignored the more basic issue of whether their cause of action can be said to fall within an exception to sovereign immunity. They argue, without reference to prior case law, that the so-called personal property exception set forth above applies because "the damages suffered by them occurred during the [Appellees'] 'care, custody and control' of the personalty which was ultimately returned to them." (Appellants' brief at 21.)

It is well established that the exceptions to sovereign immunity are to be strictly and narrowly construed. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987). In addition, we have held that the personal property exception may only be applied to those cases where the property itself is alleged to have caused the injury. *DeVeaux; Nicholson.*

Such is not the case here. Appellants themselves summarize their allegations of harm as follows: "[Appellees] wrongfully and tortiously seized and retained [Appellants'] personalty. Secondly, ... their negligent breach of a fiduciary duty caused [Appellants] to suffer a substantial loss." (Appellants' brief at 22). Thus, it was not the property held by the Appellees—the money itself—which caused Appellants' harm. Rather, it was the Appellees' failure to handle the funds as Appellants would have wished which resulted in Appellants' claimed injury.[3]

**3.** We note with interest, as did the trial court, that Appellants themselves were not holding the funds at issue in interest-bearing accounts at the time they were seized.

This Court very recently had occasion to decide another case involving the personal property exception in a suit against the Pennsylvania State Police. In *Serrano v. Pennsylvania State Police*, 130 Pa.Commonwealth Ct. 531, 568 A.2d 1006 (1990), the appellant was arrested and charged with possession of heroin. The packet of white powder found on his person was sent to a laboratory for chemical analysis, but was not analyzed until four months later, when it was found to contain aspirin. The appellant, who was incarcerated for those four months, sued for damages, alleging that the appellees' care, custody and control of his personal property resulted in his unwarranted incarceration and deprivation of liberty and freedom. While expressing sympathy for that appellant's plight, we nonetheless held that the personal property itself—the packet of powder— was not the cause of the appellant's injuries. Rather, the injuries were caused by the failure to quickly analyze the contents of the packet. Accordingly, we concluded that the personal property exception did not apply. We must reach the same conclusion in the case before.us, where the injury complained of was not caused by the property in the custody of these Appellees.

For these reasons, we affirm the trial court's order.[4]

## ORDER

AND NOW, this 6th day of February, 1990, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby affirmed.

COLINS, J., dissents.

---

**4.** Having concluded that Appellants' suit is barred on the basis of the doctrine of sovereign immunity, we find it unnecessary to discuss the alternative ground upon which the trial court dismissed Appellants' complaint, the doctrine of *custodia legis*.