581 A.2d 696

COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, Appellant,

v.

Richard E. MYERS and Mary Jane Myers, husband and wife, and REM Helicopters, Inc., Appellees.

Richard E. MYERS and Mary Jane Myers, husband and wife, and REM Helicopters, Inc., Appellants,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, Appellee.

Commonwealth Court of Pennsylvania.

Argued May 3, 1990.

Decided October 22, 1990.

Petition for Allowance of Appeal Denied March 19, 1991.

Mark E. Garber, Chief Deputy Atty. Gen., with him, Ernest D. Preate, Jr., Atty. Gen., Harrisburg, for appellant/appellee, Com. of Pa.

Robert W. Barton, Harrisburg, for appellee/appellants, Richard E. Myers, Mary Jane Myers and REM Helicopters, Inc.

Before CRAIG, President Judge, PALLADINO, J., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Before us are consolidated appeals filed by opposing parties in this case from the orders of the Court of Common Pleas of Dauphin County. In the first, the Pennsylvania Department of Environmental Resources (DER) appeals from the order of September 29, 1989 which denied its post-trial motion for a new trial or for judgment notwithstanding the verdict (n.o.v.). In the second, Richard E. Myers, Mary Jane Myers and REM Helicopters, Inc. appeal from the judgment entered on September 29, 1989 on the order of September 8, 1989 which molded the jury's verdict in their favor to reduce by thirty percent (30%) the damages awarded to Mary Jane Myers for loss of consortium and

those awarded to REM Helicopters, Inc. for loss of revenue due to the contributory negligence of Richard E. Myers.

Richard E. Myers (Myers) was a pilot and sole stockholder of REM Helicopters, Inc. REM Helicopters, Inc. leased a helicopter from Leffler Transportation Company, which was being flown by Myers at the time of the subject incident. Myers entered into a contract with DER to spray certain areas of forest in order to control the gypsy moth population. DER marked the areas to be sprayed with balloons posted at the boundaries, and provided Myers with a topographic map which showed the location of power lines, and a radio in order to maintain contact with DER personnel on the ground. On May 22, 1985, during a spray operation, Myers hit a power line and crashed, sustaining serious injuries.

Both of the Myerses and REM Helicopters, Inc. filed suit against DER in the Court of Common Pleas of Dauphin County, at 1906 S 1987, alleging negligence by DER in placing the balloons too close to the power lines and failing to warn Myers of the proximity of the balloons to the power lines. Richard Myers sought damages for medical expenses, loss of earning capacity and pain and suffering, Mary Jane Myers sought damages for loss of consortium, and REM Helicopters, Inc. sought damages for loss of revenue.

Carlos R. Leffler, Inc. and Leffler Transportation Company filed suit against Myers and REM Helicopters, Inc. in the Court of Common Pleas of Lebanon County, seeking property damages for the loss of their helicopter. By stipulation, that suit was transferred to Dauphin County at 4524 S 1987 and consolidated with 1906 S 1987.[1]

DER raised the defense of sovereign immunity by new matter in its answer to the complaint, claiming that the allegations failed to state a cause of action under any of the

1. The Leffler case was commenced in Lebanon County by way of a writ of summons; at the time of filing the complaint, pursuant to a Rule issued out of Dauphin County, DER was made a party thereto.

exceptions to sovereign immunity as set forth in Section 8522 of the Judicial Code, 42 Pa. C.S. § 8522.

The case was tried to a jury, which found, on June 8, 1989, that both DER and Myers were negligent and apportioned liability between them with seventy percent (70%) attributed to DER and thirty percent (30%) attributed to Myers. The jury awarded $175,000 to Myers, $100,000 to REM Helicopters, Inc., $50,000 to Mary Jane Myers, and $10,000 to Carlos R. Leffler, Inc. and Leffler Transportation Company.

DER timely filed a post-trial motion for a new trial or judgment n.o.v.; the motion was directed to both the Myers and Leffler parties and contained the docket numbers of each case. Myers timely filed a petition for delay damages but did not file a motion for post-trial relief with regard to his liability to Leffler.

On September 8, 1989 the trial court entered an order which molded the jury's verdict by reducing the awards of the Myers parties by thirty percent (30%) and adding delay damages to those awards.

On September 29, 1989, in an order which captions both the Myers and Leffler cases, the trial court denied DER's post-trial motion without opinion. Judgment was entered on the molded verdict on that date. DER filed a timely appeal,[2] as did Myers. On March 22, 1990, judgment was entered on the verdict as to Leffler. The record before us contains no indication that either DER or Myers took an appeal from that judgment.

DER maintains that the trial court erred when it denied DER's motion for judgment n.o.v. because Myers failed to establish that he satisfied the requirements of the personal property exception to sovereign immunity.

We begin with a review of that exception, set forth in 42 Pa.C.S. § 8522(b)(3) as:

**2.** On January 9, 1990, the trial court filed an opinion in support of its order denying DER's post-trial motion.

(b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

. . . . .

(3) Care, custody or control of personal property.—The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency, except that the sovereign immunity of the Commonwealth is retained as a bar to actions on claims arising out of Commonwealth agency activities involving the use of nuclear and other radioactive equipment, devices and materials.

Section 8522(a) of the Judicial Code, 42 Pa.C.S. § 8522(a), states:

(a) Liability imposed.—The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where thd damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

In *Davidow v. Anderson,* 83 Pa. Commonwealth Ct. 86, 91, 476 A.2d 998, 1000 (1984), we stated:

We interpret this section as being evidence of an intent on the part of the General Assembly to exempt the sovereign from immunity only in specific, clearly-stated situations and that it is our duty, therefore, strictly to construe the above sections.

Accordingly, keeping in mind that the personal property exception must be narrowly construed, we must determine whether the trial court properly found that the map, balloons and radio caused injury while in the care, custody and control of DER.

DER relies on our decisions in *Serrano v. Pennsylvania State Police*, 130 Pa. Commonwealth Ct. 531, 568 A.2d 1006 (1990) and *Nicholson v. M & S Detective Agency, Inc.*, 94 Pa. Commonwealth Ct. 521, 503 A.2d 1106 (1986) for its proposition that sovereign immunity applies here because Myers was required to establish that the map, balloons and radio *themselves* caused his injuries in order to overcome sovereign immunity.

In *Serrano*, a packet of white powder was found on Serrano at the time of his arrest and he was charged with possession of heroin and incarcerated. The packet was sent to the laboratory for analysis but was not analyzed until three months later, at which time it was discovered to be aspirin. Serrano was released from prison after serving approximately four months, and he subsequently sued the State Police and various municipal defendants for unlawful arrest. The trial court entered judgment for the police. On appeal, Serrano argued that his injury was caused by the failure to expeditiously analyze the packet which had been placed in the care, custody and control of the police and that 42 Pa. C.S. § 8522(b)(3) barred the defense of sovereign immunity. We found that it was not the packet that caused the injury, but rather the failure to quickly analyze its contents, and determined that § 8522(b)(3) did not apply.

In *Nicholson*, a bank employee was injured during a robbery committed by a security guard on duty at the bank. Nicholson, the employee, sued the private detective agency which had employed the guard as well as the Pennsylvania State Police for having failed to perform a statutory duty to compare the guard's fingerprints with those of criminals on file. The trial court denied the Commonwealth's preliminary objection in the nature of a demurrer and upon an interlocutory appeal, we considered the question of whether

the Commonwealth was protected from the suit by sovereign immunity. We determined that the criminal records are Commonwealth-owned personal property but found that they were not the cause of Nicholson's injuries, rather the negligent search of them was. Finding that the care, custody and control of the records did not cause the injury, we determined that sovereign immunity was not waived and dismissed the action against the Commonwealth.

In the present case, a DER employee who was the statewide coordinator for the spraying operations testified that the policy of DER was to highlight the existence of any hazards, such as power lines, with a bright-colored felt tip marker on the maps given to the pilots. (N.T. pp. 82–83.) The map used by Myers while flying was not so highlighted but a dotted line was printed across it designating the location of the power lines. Myers testified that he is familiar with the symbol for a power line and that such a symbol appears on the map he used, which he received approximately one week before the spray operation. (N.T. p. 68.) The DER coordinator also testified that the policy with regard to the location of the balloons was to tether them far enough from power lines so that wind could not cause them to tangle in the power lines[3] (N.T. p. 89), and Myers testified that he understood the purpose of the balloons to be an indication of the area to be sprayed. (N.T. p. 71.) As to communication of the existence of hazards, the DER coordinator testified that the policy was to do so prior to spraying operations although there was no time-frame requirement with respect to such communication. (N.T. pp. 86–87.) Another DER employee who maintained radio contact with Myers during his flight testified that he did not warn Myers of the existence of the power lines. (N.T. p. 98.)

We find that this evidence does not establish that the care, custody and control of the personalty involved herein caused the unfortunate injuries to Myers. In so holding we

---

**3.** There is no evidence that the balloons tangled with the power lines or the helicopter to cause the accident.

follow our intention to narrowly construe the available exceptions to sovereign immunity. In this instance we cannot find any action of DER which fits the exception set forth at 42 Pa.C.S. § 8522(b)(3). The map which DER gave to Myers one week before the accident showed the location of power lines in the area. The balloons were used to indicate the spray area boundaries. Finally, the absence of radio communication is of no moment since Myers was or should have been aware of the power lines on the map.

Myers additionally argues that collateral estoppel bars DER's defense of sovereign immunity based on DER's alleged failure to appeal the verdict with regard to Leffler's damages. Myers maintains that the defense of sovereign immunity is not available to DER here since the unappealed final judgment as to DER's liability to Leffler forecloses raising the immunity defense.

As noted previously, DER's post-trial motion contained the case captions and docket numbers for the suits brought by Myers and Leffler. Likewise, the trial court's September 29, 1989 order which denied the post-trial motion contained both case captions and docket numbers. On that date judgment was entered on the verdict *only* as to the Myers parties, and DER timely appealed to this Court. On March 22, 1990, while this appeal was pending before us, judgment was entered on the verdict as to Leffler.

█ We need not consider whether DER appealed the Leffler judgment in order to address Myers' argument, as we agree with DER that sovereign immunity is not waivable for any reason.

As our Supreme Court stated in *In re the Upset Sale of Properties,* 522 Pa. 230, 232, 560 A.2d 1388, 1389 (1989), "Defense of governmental immunity is an absolute defense ... and is not waivable, nor is it subject to any procedural device that could render a governmental agency liable beyond the exceptions granted by the legislature."

For the foregoing reasons, we find that the trial court erred when it denied DER's motion for judgment n.o.v.

since the trial court erred as a matter of law in denying DER's defense of sovereign immunity. By reason thereof, we need not address DER's motion for a new trial nor the appeal of the Myerses and REM Helicopters, Inc. from the trial court's thirty percent reduction of the verdict in their favor.

## ORDER

AND NOW, this 22nd day of October, 1990, the order of the Court of Common Pleas of Dauphin County, entered September 29, 1989, which denied the motion of the Department of Environmental Resources for judgment notwithstanding the verdict is reversed and judgment notwithstanding the verdict is granted in favor of the Department of Environmental Resources. The appeal of Richard E. Myers, Mary Jane Myers, and REM Helicopters, Inc. at 2001 C.D.1989, is dismissed as moot.