## Horick v. Banfi Products Corp.

*Bruce J. Phillips,* for plaintiffs.
*Joseph A. Petrarca Jr.,* for defendant Pennsylvania Liquor Control Commission.

BRYDON, *J.,* June 24, 1992—

## MEMORANDUM OPINION AND ORDER

Present before the court is defendant Pennsylvania Liquor Control Commission's preliminary objection in the nature of a demurrer.

When ruling on a preliminary objection in the nature of a demurrer, the court is guided by the following principles:

"The standards for sustaining preliminary objections in the nature of a demurrer are quite strict. A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom, but not conclusions of law.... In order to sustain the demurrer, it is essential that the plaintiff's complaint indicate on its face that his claim cannot be sustained, and the law will not permit recovery.... If there is any doubt, this should be resolved in favor of overruling the demurrer." *Gekas v. Shapp,* 469 Pa. 1, 5-6, 364 A.2d 691, 693 (1976). (citations omitted)

Defendant has based its demurrer upon the affirmative defense of sovereign immunity. While this defense should be pleaded under the heading of "new matter," the court will address defendant's argument as plaintiffs have not objected. See *Nicholson v. M&S Detective Agency Inc.,* 94 Pa. Commw. 521, 503 A.2d 1106, n.1 (1986).

Plaintiffs have addressed the merits of defendant's objection by relying upon the personal property exception to sovereign immunity. This exception provides:

"(b) *Acts which may impose liability*—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

"(3) *Care, custody or control of personal property*— The care custody or control of personal property in the possession or control of Commonwealth parties, including

Commonwealth-owned personal property and property of persons held by a Commonwealth agency, except that the sovereign immunity of the Commonwealth is retained as a bar to actions on claims arising out of Commonwealth agency activities involving the use of nuclear and other radioactive equipment, devices and materials."

Plaintiffs have alleged that their injuries are the result of an exploding wine bottle of which the defendant had custody and control. Plaintiffs further allege that defendant was negligent in its transportation and storage of the wine bottle which allegedly injured plaintiffs.

Pennsylvania courts have held "that the personal property exception may only be applied to those cases where the property itself is alleged to have caused the injury." *Sugalski v. Commonwealth,* 131 Pa. Commw. 173, 177, 569 A.2d 1017, 1019 (1990), citing *Deveaux v. Palmer,* 125 Pa. Commw. 631, 558 A.2d 166 (1989), and *Nicholson, supra.*

As plaintiffs have alleged that it was the wine bottle which defendant stored and transported or controlled and possessed, it is possible that plaintiffs could recover from the Pennsylvania Liquor Control Commission and therefore, the demurrer will be denied.

### ORDER OF COURT

And now, June 24, 1992, it is hereby ordered, adjudged and decreed that defendant, Pennsylvania Liquor Control Commission's preliminary objection in the nature of a demurrer is denied.