Dawn A. PYERITZ, Administratrix of the Estate of Daniel E. Pyeritz, Deceased, and Dawn A. Pyeritz, parent and natural guardian of Nicole L. Pyeritz, a minor, and Christopher E. Pyeritz, a minor, and Dawn A. Pyeritz, an individual, in her own right, Appellants

v.

COMMONWEALTH of Pennsylvania, State Police Department of the Commonwealth of Pennsylvania, Col. Jeffrey B. Miller, Commissioner, Pennsylvania State Police, Pennsylvania State Police Troopers James Custer and Daniel Ekis, Pennsylvania State Police Corporals James Caccimelio and Andre Stevens and Pennsylvania State Police Lieutenant Charles Depp.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 6, 2008.

Decided Sept. 15, 2008.

---

Michelle H. Lally, Monroeville, for appellants.

Kemal Alexander Mericli, Sr. Deputy Attorney General and John G. Knorr, III,

Chief Deputy Attorney General, Pittsburgh, for appellees.

BEFORE: McGINLEY, Judge, SMITH–RIBNER, Judge, KELLEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Appellants appeal from an order of the Court of Common Pleas of Fayette County that granted the motion for summary judgment filed by Appellees in an action brought by Dawn A. Pyeritz (Pyeritz) arising out of the destruction of evidence in the custody of the Pennsylvania State Police that Pyeritz claimed was crucial to a products liability action that she filed against manufacturers of sporting goods as a result of the death of her husband Daniel E. Pyertiz (Decedent). Pyeritz questions whether the trial court erred in granting summary judgment to Appellees when genuine issues of material fact exist; whether the personal property exception to sovereign immunity applies to the destruction of evidence by the State Police; whether the State Police were bailees of the personal property such that they are liable for negligent destruction of evidence; and whether Pyeritz has stated a cause of action under Pennsylvania law for the spoliation of evidence by a third party.

I

Upon consideration of the complaint and the State Police's objection thereto, the trial court found that Decedent embarked on a hunting excursion in the early morning hours of October 30, 2001. He was forty-eight years old, the father of two minor children and a high-school graduate with sixteen years of experience as a baggage handler for U.S. Airways, earning close to $50,000 per year. State Trooper Daniel Ekis testified that on the day in question Decedent left his brother's home near Markleysburg very early in the morning and drove a four-wheel drive vehicle into the woods, and he climbed to a tree stand that he had previously built in order to hunt. He did not return, and that evening a search party found him dead at the base of the tree. A black fabric belt with a frayed end was around his waist, and the matching portion of the belt was still secured around the tree, sixteen to eighteen feet above the ground. The State Police were summoned, and Trooper Ekis was assigned to investigate. For purposes of the investigation the two pieces of the belt were logged into the evidence room at the barracks in Uniontown.

Counsel for Pyeritz communicated with Trooper Ekis in November 2001, stating that due to the extreme need to prevent spoliation of evidence counsel might ask the State Police to retain the evidence, even after an inquest. Trooper Ekis advised counsel that the pieces of the belt were evidence and could not leave State Police custody until after the inquest. An inquest was held before a coroner's jury on November 27, 2002, which determined that the death was accidental. Counsel requested Trooper Ekis to keep the pieces of the belt in the evidence room to preserve the chain of custody and to assure their safety; he returned the pieces to the evidence room on November 27 and noted on a supplemental investigation sheet that "investigation will remain open pending disposition of evidence." When Pyeritz attempted to retrieve the evidence on August 19, 2003, she was informed that it had been destroyed on July 14, 2003.

On September 11, 2003, Pyeritz filed a suit against manufacturers Game Tracker and Foggy Bayou, alleging that the belt was defective and that it was manufactured by either of the two companies or with parts from both of them. The only

physical evidence available to the plaintiffs was the evidence boxes bearing certain defendants' names and photographs of the belt. Pyeritz commenced her action against the State Police in October 2003; in November she settled the action against the manufacturers for $200,000. Pyeritz alleged that the State Police negligently failed to preserve evidence necessary for her third party claim and that the negligence substantially prejudiced her claim and forced her to settle for less than what she would have received had the evidence not been destroyed. She sought compensatory and punitive damages. The State Police filed an answer with new matter and then a motion for summary judgment.

In their motion the State Police first asserted that Pennsylvania law does not recognize a separate cause of action for negligent spoliation of evidence in existing or probable civil cases but instead permits summary judgment or an adverse inference as a sanction on spoliation grounds; second, there was no legally binding written agreement; third, if Pyeritz was alleging breach of contract the Board of Claims would have exclusive jurisdiction, although the statute of limitations on such a claim had expired; fourth, even if an oral agreement was made it was a gratuitous undertaking to render services under the Restatement (Second) of Torts § 323, which requires a showing of physical harm; fifth, an action could not be maintained because the damages could not be assessed or determined; sixth, the question of any sanctions was irrelevant because the case had settled and also a plaintiff must prove that the loss of evidence substantially prejudiced her case; and, finally, even if spoliation of evidence were a recognized tort and Pyeritz could prove damages, the cause of action would fail as it does not fall within the personal property exception contained in Section 8522(b)(3) of the Judicial Code, 42 Pa.C.S. § 8522(b)(3).

The trial court first noted Pa. R.C.P. No. 1035.2, which provides that after the pleadings are closed but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law (1) "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report" or (2) if after the completion of relevant discovery, including the production of expert reports, the adverse party who would bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense that in a jury trial would be required to be submitted to the jury. Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, and all doubts as to the existence of a material fact must be resolved against the moving party. *Pennsylvania State University v. County of Centre*, 532 Pa. 142, 615 A.2d 303 (1992). Summary judgment may be entered only in those cases that are clear and free of doubt. *Id.*

The trial court addressed Pyeritz' contention that her action was not barred by sovereign immunity because the action fell within the personal property exception. An express waiver to the general rule of sovereign immunity for negligent acts is provided in 42 Pa.C.S. § 8522(b)(3), which states that liability for a Commonwealth party may be imposed in claims for damages caused by: "The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by

a Commonwealth agency...." Citing *Bufford v. Pennsylvania Department of Transportation*, 670 A.2d 751 (Pa.Cmwlth. 1996), and *Commonwealth, Department of Environmental Resources v. Myers*, 135 Pa.Cmwlth. 526, 581 A.2d 696 (1990), the trial court noted the well-settled rule that sovereign immunity is waived if personal property in the Commonwealth's custody actually causes the injury giving rise to the cause of action; however, if mere mishandling of the property causes injury, sovereign immunity is not waived. Pyeritz did not assert that the belt caused her injury; rather, it was the mishandling of the evidence. The trial court held that Pyeritz' allegations did not fall within the exception.

■ Next, the trial court rejected Pyeritz' claim that her evidence raised a genuine issue of material fact as to whether there was a bailment for her benefit and whether destruction of the bailed items was grossly negligent. In Pennsylvania " '[a] bailment is a delivery of personalty for the accomplishment of some purpose upon a contract, express or implied, that after the purpose has been fulfilled, it shall be redelivered to the person who delivered it, otherwise dealt with according to his directions or kept until he reclaims it.' " *Price v. Brown*, 545 Pa. 216, 221, 680 A.2d 1149, 1151 (1996) (quoting *Smalich v. Westfall*, 440 Pa. 409, 413, 269 A.2d 476, 480 (1970) (citation omitted)). The relationship is contractual, but the belt was not delivered to the State Police pursuant to a contract.

■ Even if a determination of disputed facts in Pyeritz' favor were seen as creating a bailment, such facts would not be material, and only disputes as to material issues of fact bar summary judgment. *Pierce v. Pennsylvania Board of Probation and Parole*, 46 Pa.Cmwlth. 507, 406 A.2d 1186 (1979). A fact is material only if

it directly affects the disposition of the case. *Allen v. Colautti*, 53 Pa.Cmwlth. 392, 417 A.2d 1303 (1980). Because the trial court concluded that sovereign immunity barred Pyeritz' action in its entirety, the trial court determined that the facts as to bailment were not material. This reasoning applied as well to Pyeritz' assertions that Trooper Ekis told Corporal James Caccimelio that the attorney wanted to pick up the evidence and would contact them and applied to Corporal Caccimelio's interpretation of the note written by Trooper Ekis on the supplemental sheet stating that the investigation would remain open pending the disposition of evidence.

## II

■ Pyeritz first argues that the trial court erred by granting summary judgment when genuine issues of material fact exist that are proper for jury determination. One such claimed factual issue is that Trooper Ekis was in uniform and on duty and acting in his official capacity when he agreed to hold the evidence, thereby becoming a bailor, and that his superiors knew or should have known that he had accepted such responsibility. Another claimed factual issue concerns discrepancies in the testimony of Trooper Ekis and Corporal Caccimelio concerning the interpretation of what Trooper Ekis wrote regarding the evidence. The Court agrees with the trial court, however, that such disputes are not material if the entire cause of action is barred by sovereign immunity.

Pyeritz' second contention is that the personal property exception in 42 Pa.C.S. § 8522(b)(3) applies to this case. Pyeritz stresses that Trooper Ekis was in uniform and on duty and in the course and scope of his employment when he took custody of the evidence after the inquest for purposes

of safekeeping and maintaining a chain of custody, and she asserts that these actions bring the case squarely within the exception. In *Sebelin v. Yamaha Motor Corp.*, 705 A.2d 904 (Pa.Super.1998), an all-terrain vehicle (ATV) that a minor was riding when he was injured while traversing on one of the defendants' property was impounded by police and later was found to have been stolen from the impound lot. The Superior Court declined to penalize the plaintiffs in their products liability suit by granting summary judgment to the defendants on spoliation grounds because their causation defenses were not substantially impaired inasmuch as they could perform tests on another ATV to support the defenses. It also noted that the plaintiffs were justified in assuming that the ATV would be secure at the police station.

In *Sugalski v. Commonwealth*, 131 Pa. Cmwlth. 173, 569 A.2d 1017 (1990), an owner and representatives of estates of deceased owners of seized cash that was ultimately returned brought an action against the Commonwealth alleging failure to invest the money in an interest-bearing account while it was in state custody and failure to surrender funds to the Internal Revenue Service upon notice, resulting in $60,000 in fines and penalties. Pyeritz acknowledges the Court's statement that "the personal property exception may only be applied to those cases where the property itself is alleged to have caused the injury." *Sugalski*, 569 A.2d at 1019. She contends, however, that this is purely a judicial requirement. Pyeritz argues that the belt caused the original injury and that it was foreseeable and logical that the belt created rights in the plaintiffs and that its destruction extinguished those rights and compounded the loss and the harm. In her view, the destruction of the instrumentality of the injury should expose the Commonwealth to liability.

The State Police first argue that even assuming *arguendo* that a gratuitous bailment arose by virtue of promissory estoppel, sovereign immunity nevertheless applies. They cite *Bufford*, 670 A.2d at 753 (emphasis in original), where this Court reiterated that "the personal property waiver only applies in cases where the personal property **itself** causes the plaintiff's injury; the personal property must be involved in the chain of causation." Here the remnants of the belt did not cause the injury. In *Serrano v. Pennsylvania State Police*, 130 Pa.Cmwlth. 531, 568 A.2d 1006 (1990), a criminal defendant was imprisoned for four months because a regional crime lab failed to timely test a packet of white powder that turned out to be aspirin rather than heroin. The Court rejected the argument that Section 8522(b)(3) applied, stating that the packet did not cause the injury but rather the lethargy in conducting the chemical analysis. Similarly, in *Myers* marker balloons and a map provided by the agency may have facilitated injury to a helicopter pilot who was spraying for gypsy moths and who collided with power lines, but they did not cause the injury. In *Nicholson v. M & S Detective Agency, Inc.*, 94 Pa.Cmwlth. 521, 503 A.2d 1106 (1986), the State Police failed to do a thorough search of a person's criminal record, but the Court determined that criminal records themselves were not involved in the chain of causation. The negligent search of the records caused the injury, but that was not covered by the personal property exception.

Addressing a case not raised by the trial court or by Pyeritz, the State Police maintain that the recent decision in *Williams v. Stickman*, 917 A.2d 915 (Pa.Cmwlth.), *appeal denied*, 594 Pa. 683, 932 A.2d 1290 (2007), is distinguishable from the case *sub judice* and does not apply. In *Williams* an inmate filed suit when his personal television set was seriously damaged while

in the possession of state corrections officers when he was in a restricted housing unit. The Court reversed the dismissal of a count for negligence on the ground of sovereign immunity, determining that Section 8522(b)(3) applied. In a footnote the Court distinguished *Serrano* on the basis that the injury there was separate and distinct from the property whereas in *Williams* the injury was the loss of the property itself.

The State Police are correct that Pyeritz' case is similar to those where injury has resulted from the mishandling of an item of personal property, but the mishandling was held not to be within the personal property exception. In *Bufford* the Court reversed a trial court determination that Section 8522(b)(3) applied in a case where a driver paid an out-of-state traffic ticket after receiving notice from the Department of Transportation (DOT) and properly notified DOT, but it negligently imposed a suspension anyway, and the driver was later arrested and detained for driving with a suspended license. Although DOT mishandled the information in the driver's record, this Court held that the personal property exception did not apply because it was DOT's negligent management of the record that caused the injury, which negligence did not fall within the exception. In *Nicholson* a bank employee was injured during a robbery by a security guard, and she sued the company that hired the guard and the State Police for violating a statutory duty to prevent known criminals from being employed by private detective agencies by failing to conduct a required thorough search of fingerprints of known criminals.

Although Pyeritz alleged that the belt caused the original injury, *i.e.*, the death of Decedent, it did not do so while in the care, custody and control of the State Police. This is not a case such as *Williams*, where the injury sued for is injury to the property itself. The alleged injury here is to legal claims arising out Decedent's death because of the destruction of the pieces of the belt, but that is in the nature of a claim for mishandling of the evidence in *Serrano* or mishandling of the information in *Bufford* and *Nicholson*. Accordingly, the Court determines that the personal property exception to immunity in Section 8522(b)(3) does not apply and that the State Police therefore are immune. This conclusion is sufficient to dispose of the case, but the Court shall briefly address the parties' other arguments.

### III

The State Police have argued in the alternative that there is no recognized cause of action in tort against a third party for spoliation of evidence absent proof of a specific duty to preserve owed to the party litigant. They rely primarily on *Elias v. Lancaster Gen. Hosp.*, 710 A.2d 65 (Pa.Super.1998). As Pyeritz notes, in *Elias* the plaintiff sued the hospital for alleged spoliation of evidence, namely the destruction of severed pacemaker wires that the hospital had extracted from the plaintiff's heart during surgery. When he could not recover the wires from the hospital almost two years later, he sued the hospital for negligent spoliation of the wires. In affirming the trial court's dismissal of the action, the Superior Court determined that the hospital owed no general duty to its patients to preserve foreign objects extracted from their bodies. Although it reserved deciding for another day whether a separate tort action is required, under the appropriate circumstances, against an adverse party for the spoliation of evidence, the Superior Court concluded under the facts presented in *Elias*: "[W]e do not find it necessary to create an entirely new and

separate cause of action for a third party's negligent spoliation of evidence because traditional negligence principles are available and adequate remedies exist under those principles to redress the negligent destruction of potential evidence." *Id.,* 710 A.2d at 68.

Pyeritz quotes the reasoning from *Elias* emphasizing that in order for a third party to be held liable for failure to preserve evidence it must be shown that such person breached a duty recognized by the law, requiring a standard of conduct for the protection of persons such as the plaintiff. Whether such a duty exists is ultimately a question of fairness; further, the law generally does not impose a duty absent the existence of some special relationship, be it contractual or otherwise. It was because Pyeritz' counsel recognized the risk in not preserving the chain of custody that she asked Trooper Ekis to keep the evidence undisturbed in the evidence room. State Police regulations for handling evidence were not followed. Pyeritz asserts that a duty existed and the facts show that the duty was breached.

■ The Court agrees that under *Elias* no separate and distinct cause of action exists against the State Police for negligent spoliation of evidence in light of the circumstances presented here.[1] In general, the doctrine of spoliation has been employed to justify sanctions including grants of summary judgment in favor of the defendants where the plaintiffs failed to preserve necessary evidence, as in a case claiming a defective particular item, *e.g., Roselli v. General Electric Co.,* 410 Pa.Su-

per. 223, 599 A.2d 685 (1991) (plaintiff discarded remains of coffee carafe that broke), or to warrant an adverse inference where defendant was the owner and had control but failed to preserve the evidence, *e.g., Long v. Yingling,* 700 A.2d 508 (Pa.Super.1997) (car dealer failed to preserve allegedly faulty brakes of a car involved in a collision).

■ Pyeritz' other argument is that a bailment existed, citing the definition from *Price* quoted by the trial court. The State Police respond that Trooper Ekis' undertaking did not give rise to a gratuitous bailment on the grounds of promissory estoppel based upon apparent authority to make a promise that bound the State Police. A government or government agency is bound by promissory estoppel only if the agent possessed actual authority. In other words, government entities cannot be estopped by the acts of an agent outside the agent's powers, as the Supreme Court determined in *Central Storage & Transfer Co. v. Kaplan,* 487 Pa. 485, 410 A.2d 292 (1979), which held that the Liquor Control Board was not liable in damages where it promised to make a lease if its specifications were met in the construction of a building, although by statute it could make no such lease but instead had to rely on the Department of Property and Supplies to act as its agent.[2]

The Court is satisfied that under *Central Storage & Transfer* no enforceable contract of bailment was created by Trooper Ekis based solely upon his apparent authority to bind the State Police, as Pyer-

---

1. *Also see Kolanovic v. Gida,* 77 F.Supp.2d 595 (D.N.J.1999), discussing history of tort of spoliation of evidence and, *citing Elias,* listing Pennsylvania among states that have declined to recognize the tort of spoliation.

2. The State Police proffer that their regulations regarding disposition of property do not authorize an undertaking such as that by Trooper Ekis and in fact forbid it, by providing a procedure for prompt notice to a custodial officer upon completion of an investigation and then a period of three months for that officer to ensure proper disposition of the property.

itz contended. In contrast, the corrections officers in *Williams* had actual authority to keep custody of the property and a concomitant duty to keep it from harm. In sum, although the situation involved here is certainly unfortunate, the Court concludes that the State Police are immune from this suit under Section 8521 of the Judicial Code, 42 Pa.C.S. § 8521, and that the trial court's order must be affirmed.

### ORDER

AND NOW, this 15th day of September, 2008, the order of the Court of Common Pleas of Fayette County is affirmed.