# Lewis v. Marshalls Creek Plumbing & Electrical Supplies

*Thomas Clark*, for plaintiffs.

*Edwin Abrahamsen Jr.,* for defendant.

ZULICK, *J.,* January 20, 2011—This case arises from injuries plaintiff Melton Lewis allegedly received from the explosion of a commercial stove at Milford Manor on February 4, 2008. While attempting to light a pilot light, Lewis ignited escaping natural gas and burned his face.

He also struck and injured his knee on a table in his effort to avoid the exploding gas. Plaintiffs Melton Lewis and constance Lewis brought the instant action against defendant Marshalls Creek Plumbing & Electrical Supplies ("Marshalls Creek"), alleging that its installation of a gas line on February 1, 2008 was negligent and caused the explosion which injured Mr. Lewis.

The Lewis's filed suit on June 18, 2009. Marshalls Creek filed a timely answer and new matter on November 4, 2009. Marshalls Creek has now moved for summary judgment. The parties submitted briefs and the matter was argued on January 3, 2011.

## DISCUSSION

The Pennsylvania Rules of Civil Procedure permit a party to move for summary judgment after the close of pleadings. Pa.R.C.P. 1035.2. Summary judgment is appropriate only in those cases in which: (1) the record shows that there is no genuine issue of material fact, and (2) the moving party is entitled to judgment as a matter of law. *Erie Ins. Co. v. Abbott Furnace Co.,* 972 A.2d 1232, 1237 (Pa. Super. 2009). Summary judgment is therefore proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits

demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *Lance v. Wyeth*, 4 A.3d 160, 163 (Pa. Super. 2010).

The moving party has the burden of proving that no genuine issues of material fact exist. The trial court must examine the record in a light most favorable to the non-moving party and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Moyer v. Teledyne Cont'l Motors, Inc.*, 979 A.2d 336, 342-43 (Pa. Super. 2009) (citation omitted). The burden is therefore placed upon the moving party to prove that there is no issue of material fact. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198. 204, 412 A.2d 466, 468-69 (1979). In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment. *Lance*, 4 A. 3d at 163.

To state a cause of action based on negligence, a plaintiff must establish the existence of a defendant's duty, a breach of that duty, and a causal connection between the breach of duty and an injury suffered by the plaintiff. *Petrongola v. Comcast Spectator, L.P.*, 789 A.2d 204, 209 (Pa. Super. 2001). A duty is an obligation recognized by the law requiring a person to conform to a certain standard of conduct for the protection of others against unreasonable risk. See *Hoffman v. Sun Pipe Line Co.*, 575 A.2d 122, 125-26 (Pa. Super. 1990). "Generally, the law does not impose affirmative duties absent the existence of some special relationship, be it contractual or otherwise." *Pyeritz v. Commonwealth of Pennsylvania, et al.*, 956 A.2d 1075, 1082 (Pa. Cmwlth. 2008). Pennsylvania courts have held that such a duty of affirmative action arises from a

contractual relationship. See, e.g., *Bloomsburg Mills v. Sardoni Construction Co.*, 401 Pa. 358, 361, 164 A.2d 201, 203 (Pa. 1960) ("An architect is bound to perform with reasonable care duties for which he contracts.").

Mr. Lewis argues Marshalls Creek breached that duty. He points to discrepancies in the testimony of defendant's representatives, as well as between defendant's representa-tives and Mr. Lewis, as a reason summary judgment should be denied. He asserts that the conflicting testimony creates a genuine issue of material fact as to whether Marshalls Creek breached its duty.

Michael Reilly, a plumber employed by Marshalls Creek and assigned to the job at Milford Manor, testified that he and co-worker Ernest Kress connected the gas lines to the stove on Friday, but did not turn on the gas or the pilot lights. (Reilly Dep. at 15, 18.) Ernest Kress testified that he and Reilly did not even connect the gas lines to the stove; they just established a flexible connection. (Kress Dep. at 9, 10.) Randy Repsher, maintenance worker for Milford Manor, testified that Marshalls Creek connected the gas lines to the stove and lit the pilot lights. (Repsher Dep. at 16.) Mary Eileen Hines Wurz, an administrator at Milford Manor, testified that the stove was fully function-al after Marshalls Creek worked on it, and that breakfast, lunch and dinner were cooked on the stove on Saturday, February 2, 2008, and Sunday, February 3, 2008. (Wurz Dep. at 25.) Mr. Lewis testified that on Monday morning, the gas lines were connected to the stove, but that one of the pilot lights was out and he could smell gas. (Lewis Dep. at 33.)

The evidence presented by the plaintiff does not

establish that Marshalls Creek breached its duty of reasonable care in performing its work of connecting the gas line to the stove. Considering the evidence in a light most favorable to the plaintiff, Marshalls Creek was tasked to establish a gas supply to the stove and the fryer. No evidence, expert or otherwise, has been presented to establish that Marshalls Creek failed to properly do that. Milford Manor used the stove to prepare meals without incident for three meals on Saturday and three meals on Sunday. Mr. Lewis smelled gas when he came into work on Monday morning. He found that five of the six pilot lights on the stove were lit, but the one under the grill was out. The fact that a pilot light was out that morning without more does not establish that Marshalls Creek failed to use reasonable care. There is no suggestion in the evidence that Marshalls Creek's shoddy work caused the gas to leak that morning. The stove had been put to heavy use over the preceding two days to the full satisfaction of Milford Manor.

Absent a showing that Marshalls Creek breached its duty of care, Mr. Lewis has failed to establish negligence, and the conflicting testimony of witnesses, supra, does not create a genuine issue of material fact. Marshalls Creek is entitled to judgment as a matter of law.

## ORDER

And now, January 20, 2011, upon consideration of the parties' briefs and arguments, the motion for summary judgment of defendant Marshalls Creek Plumbing & Electrical Supplies is granted.