# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joshua Payne,                            :
                          Appellant      :
                                         :
            v.                           :    No. 2100 C.D. 2014
                                         :    Submitted:  May 22, 2015
Scott Whalen, Adam Shane                 :
Huber, John Doe, Jane Doe                :


BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                     **FILED:  August 20, 2015**


Appellant Joshua Payne (Payne) appeals, *pro se*, from an order of the Court of Common Pleas of Cumberland County (trial court), dated October 22, 2014.  The trial court sustained preliminary objections filed by Scott Whalen, Adam Shane Huber, John Doe, and Jane Doe (collectively, Appellees), thereby dismissing Payne's complaint with prejudice.  For the reasons stated below, we reverse.

On May 1, 2014, Payne, an inmate then housed at the State Correctional Institution-Camp Hill (SCI-Camp Hill),[1] filed a civil complaint against Appellees in their capacity as corrections officers employed by the

---

[1] It appears that Payne is now incarcerated at the State Correctional Institution-Mahanoy in Frackville, Pennsylvania.

Department of Corrections (DOC). Payne asserted that Appellees were negligent in handling Payne's personal property. (Certified Record (C.R.) at 6-11.) Payne avers that while he was incarcerated at SCI-Camp Hill, Appellees negligently lost seven hundred family photos that he received in the mail on June 13, 2013. (C.R. at 52.) Payne also avers that Appellees arbitrarily confiscated inmate mail and negligently handled mail in disregard of DOC policies and standards. (C.R. at 51-52.) Payne alleges that Appellees are required to act under a code of ethics which provides that "[t]he personal property of inmates will be handled with extreme care and disposed of only by properly designated authority in a manner designated by official [DOC] Policy . . . . [T]heft or abuse of property or equipment is prohibited." (C.R. at 51.) Payne alleges that this policy requires corrections officers to handle inmate property with "extreme care." (C.R. at 52.) Payne then alleges that Appellee Whalen ordered Appellee Huber to confiscate all incoming magazines, books, and pictures. (*Id.*) Payne alleges that Appellee Whalen's order to Appellee Huber constituted a violation of the policy, because Appellee Whalen knew that Appellee Huber "negligently handles" inmate property. (*Id.*)

In his negligence claim, Payne alleges that Appellee Huber disregarded regulations and procedures by failing to exercise ordinary skill and knowledge in possessing and storing his property. (*Id.*) Payne also alleges that Appellee Whalen acted negligently by allowing Appellee Huber to handle the property and by allowing the "arbitrary practice" of confiscating inmate books, magazines, and pictures to continue. (*Id.*) Last, Payne alleges that Appellees violated their "contract" by negligently taking custody and control over his

2

property. (C.R. at 53.) Payne requested $12,000 in compensatory damages from each defendant and $1,000 in punitive damages from each defendant. (*Id.*)

On May 27, 2014, Appellees submitted preliminary objections, raising the affirmative defense of sovereign immunity under Section 8522 of the Judicial Code, 42 Pa. C.S. § 8522, and asserting the doctrine of *lis pendens*. (C.R. at 22-44.) Appellees claimed that Payne alleged facts showing intentional misconduct, which is barred by sovereign immunity. (C.R. at 24.) In the alternative, Appellees asserted that even if Payne set forth a cause of action for negligence, Payne failed to plead facts that fall under the sovereign immunity exceptions. (*Id.*) Appellees also asserted that Payne had filed a previous lawsuit in the United States District Court for the Middle District of Pennsylvania based upon identical facts against the same defendants.[2] (C.R. at 25.) Appellees maintain that the doctrine of *lis pendens* applies to protect them from the "harassment and burden of having to defend several suits involving the same cause of action at the same time." (*Id.*) For those reasons, Appellees requested that the trial court dismiss Payne's complaint with prejudice. (C.R. at 22-26.)

---

[2] Appellees cite *Payne v. Duncan, et. al.*, Docket No. 3:13-CV-02203 (M.D. Pa.), as the pending federal case against them. The issues in that case, however, are not the same. In the federal case, Payne alleges that Unit Manager Scott Whalen and Corrections Officers Duncan, Ziegler, Huber, and John Doe (collectively, Defendants) lost books and over 300 legal papers, prevented him from practicing his religion, and engaged in verbal harassment and retaliation towards him. Not only are the facts different, but the legal arguments and questions of law are also different. Moreover, by order dated April 23, 2014, the District Judge ordered that Defendant Whalen and Defendant Huber be dismissed from the complaint entirely and directed the Clerk of Court to terminate them as parties to that action. *Payne v. Duncan, et. al.*, (M.D. Pa., No. 3:13-CV-2203, filed Apr. 24, 2014), slip op. at 8. In addition, Payne's amended complaint in the matter now before this Court removed Appellee Ziegler and Appellee Duncan from the action. (C.R. at 51.) As the parties and factual allegations differ, *lis pendens* is inapplicable.

3

On October 22, 2014, the trial court sustained Appellees' preliminary objections and dismissed Payne's complaint with prejudice.[3] (C.R. at 62.) Payne appealed, and, pursuant to Pa. R.A.P. 1925(a), the trial court issued an opinion on February 9, 2015 (1925(a) Opinion). (C.R. at 81-85.) In the 1925(a) Opinion, the trial court held that Payne's pleadings did not state a cause of action upon which relief can be granted. (C.R. at 84.) The trial court reasoned that Appellees enjoy the protections of sovereign immunity, and Payne had not met the burden of proving an exception to sovereign immunity. (C.R. at 84-85.) In doing so, the trial court relied upon *Pyeritz v. Commonwealth*, 32 A.3d 687 (Pa. 2011), in stating that the "personal property exception only allows suit against the Commonwealth for negligence when the property itself causes physical injury." (C.R. at 84 (quoting *Pyeritz*, 32 A.3d at 696) (Eakin, J., concurring).) The trial court also reasoned that Payne had not pled how he and Appellees entered into a contract to satisfy his assumpsit claim. (C.R. at 85.) The trial court, in regards to the assumpsit claim, stated that it is "inconceivable how any inmate could *ever* enter into a contract with a correctional officer working in the scope of his duties." (*Id.* (emphasis in original).) Payne then petitioned this Court for review.

On appeal, Payne challenges the trial court's ruling that sovereign immunity applies. Thus, we will consider whether the trial court erred in

---

[3] The record shows that Payne submitted an amended complaint on May 28, 2014, and June 10, 2014. (C.R. at 45-50, 51-54.) In sustaining the preliminary objections, the trial court appears to incorporate the amendments in rendering its decision. (C.R. at 82 n.1.).

concluding that an exception to sovereign immunity did not exist and whether it erred in concluding that Payne did not state an action in assumpsit.[4]

This court's scope of review of a decision by a trial court is limited to a determination of whether the trial court abused its discretion, committed an error of law, or whether constitutional rights were violated. *Long v. Thomas*, 619 A.2d 394, 396 (Pa. Cmwlth. 1992), *appeal denied*, 631 A.2d 1012 (Pa. 1993). In an appeal challenging the trial court's order sustaining preliminary objections, we must determine "whether on the facts averred, the law states with certainty that no recovery is possible." *Hawks by Hawks v. Livermore*, 629 A.2d 270, 271 n.3 (Pa. Cmwlth. 1993). In reviewing preliminary objections, only facts that are well pled, material, and relevant are considered true, and those preliminary objections which are clear and free from doubt will be sustained. *Triage, Inc. v. Dep't of Transp.*, 537 A.2d 903, 907 n.7 (Pa. Cmwlth. 1988). Argumentative allegations or expressions of opinion are not accepted as true. *Firing v. Kephart*, 353 A.2d 833, 834 (Pa. 1976).

First, we will address Payne's argument that the trial court erred in concluding that sovereign immunity bars his action against Appellees. "Generally,

---

[4] Payne also challenges the trial court's finding of fact number 5, which provides that "[Payne] has made no accusation that he ever had in his possession the property he alleges was negligently lost . . . ." (C.R. at 83.) Payne argues that he does not need actual physical possession of the photos because he received a confiscation slip indicating that the photos were received in the mail and placed with his property. Payne asserts that the confiscation slip is sufficient to establish possession. This challenge, however, is not relevant to whether Appellees enjoy the protections of sovereign immunity. Moreover, for purposes of assumpsit, it would appear that DOC's issuance of a confiscation slip would indicate that DOC took possession of the photos intended for Payne, rather than deliver the photos to Payne. At this stage in the proceeding, we cannot conclude that Payne cannot establish possession for purposes of his claims, if required. Accordingly, we will not address this issue.

sovereign immunity protects Commonwealth officials and employees acting within the scope of their duties from civil liability." *Kull v. Guisse*, 81 A.3d 148, 154 (Pa. Cmwlth. 2013), *appeal denied*, 91 A.3d 163 (Pa. 2014). This protection extends to claims for intentional torts. *Id.* at 157. The General Assembly has provided that sovereign immunity may be waived in certain limited situations involving negligence of a Commonwealth official or employee. 42 Pa. C.S. § 8522. In *La Frankie v. Miklich*, 618 A.2d 1145 (Pa. Cmwlth. 1992) (en banc), this Court observed:

> [T]he proper test to determine if a Commonwealth employee is protected from liability pursuant to . . . 42 Pa. C.S. § 8522 is to consider whether the Commonwealth employee was acting within the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within one of the nine exceptions to sovereign immunity.

*La Frankie*, 618 A.2d at 1149. Because of the clear intent to insulate the government from liability, the exceptions to sovereign immunity are to be strictly construed. *Dean v. Commonwealth*, 751 A.2d 1130, 1132 (Pa. 2000).

Here, the trial court focuses on the personal property exception to sovereign immunity set forth in Section 8522(b)(3) of the Judicial Code, 42 Pa. C.S. § 8522(b)(3), and Payne does not contend that any other exception is applicable. The personal property exception to sovereign immunity provides, in part:

> (a) **Liability imposed** — The General Assembly . . . does hereby waive . . . sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a

6

person not having available the defense of sovereign immunity.

(b) **Acts which may impose liability** — The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

. . . .

(3) **Care, custody or control of personal property** — The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency . . . .

42 Pa. C.S. § 8522.

This case is most analogous to *Williams v. Stickman,* 917 A.2d 915 (Pa. Cmwlth.), *appeal denied*, 932 A.2d 1290 (Pa. 2007). In *Williams*, this Court held that Section 8522(b)(3) of the Judicial Code provides a remedy for inmates when a prison official negligently handles personal property. *Williams*, 917 A.2d at 918. Williams alleged that, while he was incarcerated in a state correctional institution, corrections officers took possession of his color television set while it was in good working condition. A year later, while he was still in restrictive housing, DOC granted Williams permission to inspect his property, and Williams found the television to be in good working condition at that time. In 2004, Williams again inspected his personal property and discovered that the television's picture tube was cracked and the back of the cable converter box was broken. Williams filed a complaint with the trial court, alleging claims for an intentional tort and negligence. The trial court subsequently dismissed Williams's complaint on the grounds of sovereign immunity. On appeal, this Court ruled that Williams's

7

intentional tort claim was barred by sovereign immunity, but the negligence claim was not barred. We explained that "Williams sets forth a *claim for damages* to his television set while it was *in the possession* of Commonwealth parties." *Id.* at 918 (emphasis in original). In addition, we noted that the injury claimed by Williams was the loss of the property itself, and that the property need not be responsible for or the cause of the alleged injury. *Id.* at n.2. Thus, we held that an inmate can file a negligence claim against DOC employees for the negligent damage to or loss of an inmate's personal property that was placed in DOC's care, custody, and control, and that the claim will not be barred by sovereign immunity. *Id.* at 918.

We acknowledge that some case law interprets Section 8522(b)(3) of the Judicial Code as not waiving sovereign immunity unless the actual property under the care, custody, or control of the Commonwealth party caused the damage. *See Pa. State Police v. Klimek*, 839 A.2d 1173 (Pa. Cmwlth.) (holding that personal property exception to sovereign immunity did not apply in wrongful death action where arrestee hung himself because death of arrestee not caused by shoe lace and condition of prison cell), *appeal denied*, 857 A.2d 681 (Pa. 2004); *Bufford v. Pa. Dep't of Transp.*, 670 A.2d 751 (Pa. Cmwlth. 1996) (holding that personal property exception does not apply to negligent mismanagement of personal records); *Cmwlth., Dep't of Envtl. Res. v. Myers*, 581 A.2d 696 (Pa. Cmwlth. 1990) (holding that personal property exception to sovereign immunity was not applicable because map provided by Department of Environmental Resources that did not highlight existence of power lines did not cause injury to helicopter pilot where pilot spraying to control gypsy moth population collided with power lines), *appeal denied*, 588 A.2d 915 (Pa. 1991); *Suglaski v. Cmwlth.*, 569 A.2d 1017 (Pa. Cmwlth. 1990) (holding that personal property exception to sovereign immunity

was not applicable where Commonwealth seized funds and failed to place them in an interest-bearing account because property itself did not cause damage); *DeVeaux by DeVeaux v. Palmer*, 558 A.2d 166 (Pa. Cmwlth. 1989) (en banc) (holding that personal property exception to sovereign immunity did not apply to breach of settlement agreement in medical malpractice action where Pennsylvania Medical Professional Liability Catastrophe Loss Fund allegedly interfered with an annuity because the fund money itself did not cause injury); *Kline v. Pa. Mines Corp.,* 547 A.2d 1276 (Pa. Cmwlth. 1988) (although focusing on Section 8522(b)(4) of Judicial Code, this Court also discussed Section 8522(b)(3) of Judicial Code, finding that exception did not apply because Department of Environmental Resources did not possess control over mine).

Appellees contend that the trial court correctly concluded that, because the property at issue—*i.e.*, the photographs—did not cause the damage for which Payne has brought suit, the personal property exception does not apply. We disagree. In reaching that conclusion, the trial court relied upon the Supreme Court's decision in *Pyeritz*. In *Pyeritz*, our Supreme Court expressly acknowledged that while it granted review of several issues, including the issue of "whether the personal property exception to state sovereign immunity, 42 Pa. C.S. § 8522(b)(3), applies only if the property in question causes the plaintiff's injuries, or does it suffice that plaintiff's injuries are caused by the Commonwealth's care, custody, or control of the property," it did not reach the issue regarding the application of the exception because it concluded that the underlying cause of action—negligent spoliation of evidence—does not exist under Pennsylvania law. *Pyeritz*, 32 A.3d 687, 692 n.3 (Pa. 2011). Thus, *Pyeritz* cannot be interpreted as

9

limiting the personal property exception to sovereign immunity to only those instances in which the property itself causes damage.

As discussed above, this Court applied the personal property exception in *Williams* under circumstances similar to those now before the Court. Moreover, the cases cited above for the proposition that the personal property itself must cause the damage or injury are distinguishable because they did not involve damage to the actual personal property held by the Commonwealth party. Our interpretation of the personal property exception applying to instances where personal property of an inmate is damaged while in the care, custody, or control of the Department of Corrections is consistent with the language of Sections 8522(a) and (b)(3) of the Act, which, again, provide, in part, an exception for "damages caused by. . . *[the c]are, custody or control of* personal property . . . in the possession or control of Commonwealth." (Emphasis added.) Application of the personal property exception to sovereign immunity as provided for in *Williams* is not necessarily in conflict with the cases cited above where courts failed to apply the personal property exception when the property *itself* did not cause damage and was not *itself* damaged. Most importantly, *Williams* remains as controlling precedent of this Court. We, therefore, reject Appellees' argument that the personal property exception to sovereign immunity is not applicable on this basis.

Appellees also argue that sovereign immunity is not waived because Payne's allegations give rise to an intentional tort and his negligence claim is nothing more than a "bare legal conclusion of 'negligence.'" (Appellees' Br. 10.) Appellees assert that Payne's complaint does not plead any factual allegations showing negligence; instead, the complaint alleges that Appellees intentionally confiscated the photos in the course and scope of their duties and did not return the

10

property. In support of their argument, Appellees compare this case to the unreported decisions of *Mitchell v. Webb*, (Pa. Cmwlth., No. 1304 C.D. 2010, filed January 11, 2011), and *Goodley v. Folino*, (Pa. Cmwlth., No. 2376 C.D. 2010, filed July 22, 2011), in which inmates essentially set forth claims for intentional torts. The inmates in those cases, however, challenged corrections officers' *confiscation* of property, not the damage or loss of said property. In fact, in *Goodley*, we distinguished that case from *Williams*, explaining that Goodley "*did not raise claims that the corrections officers had damaged his personal property*. Rather, he alleged that they had intentionally and deliberately seized and confiscated his property as contraband." *Goodley*, slip. op. at 10 (emphasis added).

Here, Appellees mischaracterize Payne's claims as challenging the confiscation. To the contrary, Payne contends that Appellees were negligent in the handling of his property after it was confiscated. Thus, at issue is whether the loss of the property was the result of negligence on the part of Appellees. In order to maintain an action for negligence, one must prove: (1) the defendant had a duty or obligation recognized by law; (2) the defendant breached that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages. *Page v. City of Philadelphia*, 25 A.3d 471, 475 (Pa. Cmwlth. 2011), *appeal denied*, 40 A.3d 124 (Pa. 2012). In his complaint, Payne sufficiently alleges: (1) Appellees had an obligation to care for Payne's personal property; (2) Appellees breached that duty; (3) the breach of Appellees' duty resulted in the property being lost; and (4) Payne suffered actual damages when Appellees' lost his property. Thus, we reject Appellees' argument that Payne pled an intentional tort and not a negligence claim.

11

Last, we will address Payne's argument that the trial court erred in concluding that he could not assert a claim for assumpsit/breach of contract. At the outset, we note that Appellees' preliminary objections were limited to raising the affirmative defense of sovereign immunity under Section 8522 of the Judicial Code, which pertains to waiver of sovereign immunity for certain negligence claims only, and asserting the doctrine of *lis pendens*. Neither of those preliminary objections is directed to a claim for assumpsit, and, therefore, the trial court erred in dismissing Payne's claim for assumpsit at this stage of the proceedings.

Furthermore, this Court was presented with a similar scenario in *Williams*. In *Williams*, the defendants, also individual corrections officers, asked the Court to affirm the dismissal of the entire complaint, although they did not specifically preliminarily object to the claim for assumpsit. We noted that "[t]his court has stated that the Commonwealth has waived sovereign immunity as a defense in causes of action for assumpsit." *Williams*, 917 A.2d at 918 (citing *McKeesport Mun. Water Auth. v. McCloskey*, 690 A.2d 766 (Pa. Cmwlth.), *appeal denied*, 700 A.2d 445 (Pa. 1997)). In *McKeesport*, we explained that the sovereign immunity of the Commonwealth has been waived under the circumstances outlined in Section 8522 of the Judicial Code for causes of action sounding in tort based on the negligent acts of its employees. "Likewise, for causes of action sounding in contract, the sovereign immunity of the Commonwealth has been waived under the provisions of the [former] Board of Claims Act,[5]" *McKeesport*, 690 A.2d at 774,

---

[5] The Board of Claims Act, Act of May 20, 1937, P.L. 728, *as reenacted and amended*, formerly 72 P.S. §§ 4651-1to 4651-10, was repealed by the Act of December 3, 2002, P.L. 1147. Under the former Board of Claims Act "claims arising from contracts involving the Commonwealth could sound in both assumpsit and equity, and . . . regardless of form, these claims should be decided by the Board of Claims." *See Emp'rs Ins. of Wausau v. Dep't of*
**(Footnote continued on next page…)**

12

and now the Procurement Code, 62 Pa. C.S. §§ 101-4509. Thus, although we make no determination as to whether the pleadings in this action support a cause of action for assumpsit for which sovereign immunity has been waived, it would appear that any such analysis must be performed applying the Procurement Code, 62 Pa. C.S. §§ 101-4509, and not Section 8522 of the Judicial Code.

Accordingly, the order of the trial court sustaining Appellees' preliminary objections and dismissing Payne's complaint with prejudice is reversed.

P. KEVIN BROBSON, Judge

**(continued…)**

*Transp.*, 865 A.2d 825, 832-33 (Pa. 2005). Section 1724(a)(1) of the Procurement Code, 62 Pa. C.S. § 1724(a)(1), replaced Section 4 of the Board of Claims Act and is substantially identical to the earlier provision.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joshua Payne,                       :
                    Appellant       :
                                    :
          v.                        :     No. 2100 C.D. 2014
                                    :
Scott Whalen, Adam Shane            :
Huber, John Doe, Jane Doe           :

## **O R D E R**

AND NOW, this 20th day of August, 2015, the order of the Court of Common Pleas of Cumberland County (trial court), dated October 22, 2014, is hereby REVERSED.

_____
P. KEVIN BROBSON, Judge