**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2481
_____

DIANE R. GOCHIN,
Appellant

v.

JUDGE RICHARD P. HAAZ, Individually and in his Official Capacity;
PAUL C. TROY, ESQ., Individually and in his Capacity as Officer of the Court;
RANDEE FELDMAN, ESQ., Individually and in her Official Capacity
as an Officer of the Court; COUNTY OF MONTGOMERY;
JUDGE WILLIAM J. FURBER, Individually and in his Official Capacity;
MONTGOMERY COUNTY COURT OF COMMON PLEAS;
PENNSYLVANIA SUPREME COURT; JANE/JOHN DOES

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-16-cv-05359)
District Judge: Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 17, 2018

Before: VANASKIE, COWEN, and NYGAARD, Circuit Judges

(Opinion filed: February 7, 2018)

_____

OPINION[*]

_____

PER CURIAM

Diane Gochin appeals pro se from an order of the District Court dismissing her amended complaint with prejudice. For the reasons that follow, we will affirm the District Court's judgment.

Gochin filed for divorce in 2007 in Montgomery County, and a final divorce decree was entered in December 2015. Gochin filed a separate state court case in Montgomery County against attorney Randee Feldman, who had represented Gochin's husband in the divorce case, alleging abuse-of-process and other torts in the divorce proceedings. Montgomery County Court of Common Pleas President Judge William Furber reassigned that abuse-of-process case to Judge Richard Haaz in January 2013. Judge Haaz dismissed the case in June 2015, and that dismissal was affirmed on appeal.

In October 2016, Gochin brought this suit in the District Court against Feldman, Montgomery County, Judge Haaz, and attorney Paul Troy (who had represented Feldman in the abuse-of-process case). After the defendants filed motions to dismiss that initial complaint, Gochin filed an amended complaint that added Judge Furber, the Montgomery

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

County Court of Common Pleas, the Pennsylvania Supreme Court, and several unnamed John and Jane Does as defendants. That amended complaint brought six causes of action under 42 U.S.C. §§ 1981, 1983, and 1985, alleging a wide-ranging conspiracy to sabotage her state court abuse-of-process case, and challenging various county and state judicial policies and procedures as unfair to indigent litigants and vulnerable families.

All of the defendants moved to dismiss the amended complaint. Gochin did not respond to the defendants' motions to dismiss, but instead moved for the recusal of the District Judge. The District Judge denied the recusal motion in February 2017 and granted the motions to dismiss in May 2017. Some claims were dismissed for lack of jurisdiction, and others were dismissed for the failure to state a claim on which relief could be granted. Gochin moved for reconsideration of the dismissal order, again urging the District Court's recusal. The District Court denied that motion as well.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the dismissal of a complaint under either Federal Rules of Civil Procedure 12(b)(1) or 12(b)(6) de novo. See Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009); McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009). We review the denial of the motion to recuse for an abuse of discretion. See In re Antar, 71 F.3d 97, 101 (3d Cir. 1995).

In this case, the District Court did not err when it dismissed Gochin's amended complaint, substantially for the reasons set out in the District Court's dismissal order. First, the District Court was correct to conclude that, to the extent that Gochin sought to

3

appeal any previous unfavorable state court rulings through this federal litigation, the District Court lacked subject matter jurisdiction to consider that relief. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (setting standards for the application of the Rooker-Feldman doctrine). Second, the District Court was correct to conclude that Judge Haaz and Judge Furber were immune from suit in their personal capacities under the doctrine of absolute judicial immunity, and were immune from suit in their official capacities due to Eleventh Amendment immunity. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Third, the District Court was correct to conclude that the Montgomery County Court of Common Pleas and the Pennsylvania Supreme Court were also, as state entities, immune from suit under the Eleventh Amendment. See Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 240 (3d Cir. 2005). Fourth, the District Court was correct to conclude that Gochin failed to state a claim against Montgomery County because the county did not supervise the court personnel that Gochin sued, see Callahan v. City of Phila., 207 F.3d 668, 672-73 (3d Cir. 2000), and because Gochin did not otherwise plead any county policy, custom or practice that could subject it to liability, see Connick v. Thompson, 563 U.S. 51, 60-61 (2011); Groman v. Twp. of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995). Fifth, the District Court was correct to conclude that Gochin did not state a plausible claim that relief could be granted against Troy or Feldman under 42 U.S.C. §§ 1981, 1983, or 1985. See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Sixth, the District Court was correct to dismiss the claims against the unnamed Doe parties because the amended complaint did not raise any

4

factual allegations against those parties. In addition, the District Court was correct to dismiss any other claim that Gochin attempted to raise.

A few of Gochin's arguments on appeal merit further discussion. First, Gochin argues that the District Court improperly treated her amended complaint as raising only civil rights claims, and that it should instead have "appl[ied] the abuse of process standard." Gochin is aware that no count for abuse of process is listed in her complaint, but she states that, as a pro se litigant, she may state such a claim even though she did not label it as such. But in this case, the problem is not labelling. No abuse-of-process claim could have been pleaded on the facts set out in Gochin's amended complaint. See Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 304 (3d Cir. 2003). Nothing in that amended complaint, nor anything that Gochin may have set out in any other filings, indicated that any defendant or defendants used legal process to further an improper purpose. See id. Thus, even if had been possible to read the amended complaint as attempting to raise a state law abuse-of-process claim, any such claim was properly dismissed for failure to state a claim upon which relief could be granted. Moreover, Gochin would have been precluded from bringing an abuse-of-process claim that had already been decided under principles of res judicata. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81-83 (1984); Nevada v. United States, 463 U.S. 110, 130 (1983).

Gochin also argues that the claims against the judicial parties should have survived because (1) those parties committed torts in the absence of jurisdiction or in executing

5

purely administrative duties, rather than judicial duties that entitle them to absolute judicial immunity; and (2) sovereign immunity does not bar claims against judges in their official capacities. Neither argument is correct. Here, none of the judges undertook any acts in the clear absence of all jurisdiction, as those acts related to their roles presiding over Gochin's legal matters in state court. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Azubuko, 443 F.3d at 303. In addition, the judge re-assignment at issue was not a purely administrative act, rather than a judicial act, because that act was a function normally performed by a judge in proceedings in Montgomery County. See Stump, 435 at 352, 356. Finally, the argument about official-capacity suits misunderstands the doctrine of Eleventh Amendment immunity. The Eleventh Amendment does not bar suits against state officials in their individual capacities, Hafer v. Melo, 502 U.S. 21, 27 (1991), but it specifically bars suits against them in their official capacities, Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself.") (internal citations omitted); see also Benn, 426 F.3d at 240-41. The claims against the judicial parties were all properly dismissed.

Another argument that Gochin raises on appeal is that an exception to state sovereign immunity for the "care, custody, or control of personal property" set out in 42 Pa. C.S. § 8522(b)(3) applied to her because the state courts took control of her assets in her divorce proceedings. That exception is strictly construed and would not reach the

6

kind of conduct alleged here. See Mullin v. Pa. Dept. of Transp., 870 A.2d 773, 779 (Pa. 2005); Sugalski v. Pennsylvania, 569 A.2d 1017, 1019 (Pa. Comm. Ct. 1990) ("[W]e have held that the personal property exception may only be applied to those cases where the property itself is alleged to have caused the injury."). Moreover, Gochin's suit does not directly involve her divorce case or any assets from that case, and instead involves the abuse-of-process suit that followed from her divorce proceedings. This exception therefore has no relevance here.

We have considered Gochin's other arguments regarding the dismissal of her complaint, and find them meritless as well.

In addition, the District Court did not abuse its discretion when it denied Gochin's recusal motion. The basis for recusal set out in Gochin's motion is that the District Court was named as a party in another suit that she brought (although that action has since been dismissed). That alone, however, is not sufficient to require the recusal of a judge. See Azubuko, 443 F.3d at 304. In addition, a review of the record reveals no other basis for recusal or any indication that the District Court was biased in any way in this case.

Consequently, we will affirm the District Court's judgment.

Finally, Gochin's "motion in mandamus" is denied. That motion did not set forth an objective basis for the recusal of any judge in this matter. See 28 U.S.C. § 455. Nor did it establish that Gochin is entitled to relief requiring that the judges that consider this case sign any opinion or order in any particular way. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

7